CDF LABOR LAW LLP
Dan M. Forman, State Bar No. 155811
dforman@cdflaborlaw.com
Wanja S. Guy, State Bar No. 275734
wguy@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone: (213) 612-6300

Attorneys for Defendant
GRUMA CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GRUMA CORPORATION, a Texas corporation; HITZAYALA HERNANDEZ, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. PENDING<br><br>(Removed from Alameda County Superior Court, Case No. 25CV140153)<br><br>**DEFENDANT GRUMA CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446 AND 1453**<br><br>Filed concurrently herewith:<br>-Civil Cover Sheet;<br>-Certificate of Conflicts and Interested Entities or Persons;<br>-Declaration of Horacio Gaitan;<br>-Request for Judicial Notice;<br>-Administrative Motion To Consider Whether Cases Should Be Related And Notice Of Pendency Of Other Action |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant GRUMA CORPORATION (“Gruma”), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California for the County of Alameda to the United States District Court for the Northern District of California based on the original jurisdiction of this Court under 28 United States Code (“U.S.C.”) sections 1332(d) and removal jurisdiction under 28 U.S.C. sections 1441, 1446 and 1453. In support of this removal, Gruma states as follows:

## I. BACKGROUND

1. On or about August 29, 2025, Plaintiff commenced this action by filing an unverified Complaint in the Superior Court of California, County of Alameda, captioned *Jorge Nava Gomez v. Gruma Corporation, and DOES 1 through 100 inclusive*, and bearing the case number 25CV140153 (the “Action”). Gruma was served with the Summons and Complaint in this Action on September 8, 2025. Gruma timely served and filed its Answer to the Complaint on October 6, 2025. True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to this Notice as **Exhibit A**.

2. Gruma, at the time of the filing of the Action, and since, has been incorporated under the laws of the State of Nevada with its principal place of business, and the location where its officers direct, control, and coordinate its corporate activities, in Irving, Texas. (*See* Declaration of Horacio Gaitan in Support of Defendant’s Notice of Removal (“Gaitan Decl.”), ¶¶ 3 and 4.) Plaintiff identified Gruma in the Action as a “Texas corporation”. (Ex. A, Compl. Caption and ¶ 3.) Therefore, at all material times, Gruma has been a citizen of the State of Nevada and the State of Texas, and not of the State of California, as it is neither incorporated in

California nor does it maintain its principal place of business in California. Plaintiff alleges that the named individual defendant, Hitzayala Hernandez (a Human Resources Manager for Gruma), is a citizen of California. (*Id*. ¶ 4.) However, there is nothing in the state court's file that would suggest that she was served with the Summons and Complaint and, further, she is a sham defendant as discussed below. As such, Ms. Hernandez's citizenship must be disregarded for purposes of removal.

3. The Complaint, styled as a class action, asserts claims for: 1. Failure To Pay Overtime Wages; 2. Failure To Pay Minimum Wages; 3. Failure To Provide Meal Periods; 4. Failure To Provide Rest Periods; 5. Waiting Time Penalties; 6. Wage Statement Violations; 7. Failure To Timely Pay Wages; 8. Violation of Quota Laws and; 9. Unfair Competition. [*See* Complaint, *generally*.]

## II. JURISDICTION

4. This Court has original jurisdiction over this Action under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d) and 1453. This putative class action is between citizens of different states as it relates to the relevant parties, it involves over 100 putative class members, and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs, as set forth more fully below.[1]

## III. INTRADISTRICT ASSIGNMENT

5. Pursuant to Local Rule 3-2(c) and (d), Intradistrict Assignment to the San Francisco Division or Oakland Division of the United States District Court for the Northern District of California is proper because the state court action was originally filed in Alameda County and alleges that the allegedly wrongful conduct occurred in Alameda, California. Complaint, ¶13.

---

[1] Plaintiff's counsel filed *Yesica Becerra Zamora v. Gruma Corporation, et al.*, Northern District of California, Case No. 3:23-cv-05256-WHO, (*Becerra I*), alleging substantially similar wage and hour claims (RJN, No. 1) and this Court denied Becerra's motion for remand and ordered enforcement of the *Becerra I* arbitration agreement (RJN, No. 2), similar in all material aspects to the arbitration agreement signed by Plaintiff.

## IV. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446

6. In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Alameda is located within the Northern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

7. Gruma was served with the Summons and Complaint in this Action on September 8, 2025. (*See* **Exhibit A**, Proof of Service.) Therefore, Gruma's Notice of Removal is timely under 28 U.S.C. §1446(b)(1). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

8. In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Alameda and with the Clerk of the Northern District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## V. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO CAFA AND DIVERSITY JURISDICTION.

9. In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this Action meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**A. <u>The Parties Are Diverse, Both Minimally and Completely.</u>**

**1. <u>Minimal Diversity Exists.</u>**

10. The Act's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Gruma (the only relevant defendant) are citizens of different states.

11. The Complaint alleges that Plaintiff is and has been a resident of the State of California. (*See* Ex. A, Compl. ¶ 2.) Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 750-51 (9th Cir. 1986*); see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *See State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994); *Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336, at *1 (C.D. Cal. 2014). Plaintiff's personnel documents show that he listed a California address as his place of residence. (Gaitan Decl., ¶ 5b.) Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

12. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court established the proper test for determining a

corporation's principal place of business for purposes of diversity jurisdiction. The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 78. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

13. Gruma, at the time of the filing of the Action, and since, has been incorporated under the laws of the State of Nevada with its principal place of business, and the location where its officers direct, control, and coordinate its corporate activities, in Irving, Texas. (*See* Gaitan Decl., ¶¶ 3 and 4.) Plaintiff identified Gruma in the Action as a "Texas corporation." (Ex. A, Compl. Caption and ¶ 3.) Therefore, at all material times, Gruma has been a citizen of the State of Nevada and the State of Texas, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

14. Because Gruma is a citizen of the State of Nevada and the State of Texas, and Plaintiff is a citizen of the State of California, minimal diversity exists pursuant to 28 U.S.C. §1332(d).

**2. <u>Hitzayala Hernandez is a Sham Defendant.</u>**

15. While the Complaint alleges that Hitzayala Hernandez is a defendant and a California citizen, the allegation of her citizenship must be disregarded for the purpose of analyzing diversity jurisdiction.

16. 28 U.S.C. § 1441(b) states that actions are removable if, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff apparently attempts to avoid removal by improperly naming Ms. Hernandez as an individual defendant. Although Plaintiff alleges that Hernandez is a citizen of California, there is no evidence in the State

Court's file that Plaintiff served her with Complaint and summons, and, therefore, she has not been properly joined as a defendant to this Action. Further, as a matter of law, the claims alleged cannot lie against her individually.

17. Hernandez has not been properly joined as a defendant because Plaintiff's Complaint fails to allege any specific factual allegation from which she could be held culpable and fails to state a valid cause of action against her. *Brown v. Allstate Ins. Co.*, 17 F.Supp.2d 1134 (1998) (upholding removal where non-diverse individual defendants were named in the caption and in some of the causes of action, but there were *no specific factual allegations against them*). The sum total of Plaintiff's allegations against Hernandez are that, upon information and belief, Hernandez is "an individual residing in California, as well as the Human Resources Manager of GRUMA," (Compl. ¶ 4.) and "Hernandez violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1." (*Id.*¶ 9.)

18. Conclusory statements of liability without supporting facts do not state a claim for which relief can be granted and must be dismissed. *See, e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). Plaintiff's "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." *Bell v. American General Finance, Inc.*, 267 F.Supp.2d 582, 584 (S.D. Miss. 2003). Where the factual allegations in the Complaint are insufficient to state a claim, there is fraudulent joinder and removal is proper. *See, e.g., Brown,* 17 F.Supp.2d at 1173. The issue in fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1319 (9th Cir. 1998). The Complaint fails to state a theory of liability that would support claims or liability against Hernandez.

19. The Complaint fails as a matter of law to state a claim of individual liability against Hernandez. Here, Plaintiff seems to allege that Hernandez was a human resources manager acting in accordance with the policies of her employer. (Compl. ¶ 4.) Such an allegation negates any individual liability against a manager under well-settled California law. *See, e.g., Reynolds v. Bement*, 36 Cal.4th 1075, 1087-1088 (2005) ("corporate agents acting with the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages"); *Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1331 (1996) ("individual supervisory employees should not be placed at risk of personal liability"); *Becker v. Welton Becket & Assocs.*, 39 Cal.App.3d 815, 822-23 (1974) (managerial employees cannot be held liable for acts taken within the course and scope of their employment); *Reno v. Baird*, 18 Cal.4th 640, 646-647 (1998) (managers are shielded from liability when they act within the course and scope of their employment). Here, Plaintiff does not even allege that Hernandez was acting within the scope of her managerial role but only makes the conclusory argument that "GRUMA, and DOES 1 through 50, inclusive (the 'Alter Ego Defendants'), they, and each of them, are one and the same with HERNANDEZ and DOES 51 through 100 ("Individual Defendants"…" (Compl. ¶ 10.) The Complaint is devoid of a single allegation about Hernandez that could lead to individual liability.

20. Indeed, the only *theoretical* basis for individual liability referenced in the Complaint is the conclusory assertion that Hernandez violated Labor Code section 558.1. (*See* Compl. ¶ 9). However, that theory of individual liability is permitted, *only* where the individual defendant is an owner, officer, or executive-level managing agent of the employer. *See* Labor Code § 558.1(b). The Complaint fails to make any such allegation and it cannot.

21. The Complaint fails to make a single specific allegation that Hernandez directly violated any law, or that she is somehow liable as an "employer" for penalties based on her role as "the Human Resources Manager of Gruma". (Compl.

¶ 4.) Finally, the Complaint fails to allege (nor can it) that Hernandez directly implemented any policies or procedures applicable to Plaintiff or any alleged "aggrieved employee," or that she directly caused any Labor Code violation. Plaintiff's conclusory allegations do not support a claim under *Iqbal/Twombly* and represent the epitome of a sham claim.

22. Plaintiff fraudulently joined Hernandez for the sole purpose of defeating diversity jurisdiction, and this fraudulent joinder does not preclude removal. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (*citing McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, the requirements for diversity jurisdiction as set forth in 28 U.S.C. section 1441(b) are met, notwithstanding Plaintiff's effort to fraudulently join Hernandez.

**3. <u>Complete Diversity Exists Between The Remaining Parties.</u>**

23. Notwithstanding Plaintiff's attempt to fraudulently join Hernandez, complete diversity of citizenship exists here because Plaintiff and Gruma (the only relevant defendant,) are citizens of different states.

24. Because Gruma is a citizen of the State of Nevada and the State of Texas, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. §1332(a).

**B. <u>Plaintiff's Action is Pled as a Class Action</u>**

25. Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

26. The Action has been styled as a class action, pursuant to California Code of Civil Procedure section 382. (Ex. A, Compl. Caption and ¶ 1.) The Complaint also contains an entire section devoted to "Class Action Allegations." (Ex. A, Compl. ¶¶ 36-47.) California Code of Civil Procedure section 382 authorizes

an action to be brought by one or more representative persons as a class action. *See* Cal. Code Civ. Proc. § 382.

**C. There Are More Than 100 Putative Class Members**

27. CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

28. Here, the putative class is defined as: "All employees who are or were employed by *Defendants in the state of California* as hourly non-exempt employees within four (4) years prior to the date this lawsuit is filed ('liability period') until the time that notice of the class action is provided to the class (collectively referred to as the 'Class Members')." (Ex. A, Compl. ¶ 36 (emphasis added).)

29. As of September 29, 2025, Gruma employed 2,166 non-exempt employees in California. (Gaitan Decl., ¶ 6a.) During the period of August 28, 2021 to September 29, 2025, Gruma employed approximately 3,300 non-exempt employees in California who are no longer employed by Gruma. (*Id.*) Thus, the requisite number of at least 100 putative Class members is satisfied.

**D. Plaintiff's Claims Place More Than $5,000,000 In Controversy[2]**

30. CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2) and (6).

31. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Removal is proper if it is demonstrated "by a preponderance of evidence, that the aggregate amount in controversy exceeds" $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir.

[2] Gruma provides the following calculations only to demonstrate that the amount in controversy exceeds $5,000,000. Gruma makes no admission of liability or damages with respect to any aspect of this case, nor does Gruma waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with any of his claims.

2013). This burden is not onerous and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-1205 (E.D. Cal. 2008). Rather, "[t]he 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* To determine the amount put in controversy for CAFA, all potential damages based on the claims in the complaint, as well as attorneys' fees, are included. *See Campbell v. Vitran Express, Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (to measure the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (quotations and citations omitted).

32. The amount in controversy is determined by accepting Plaintiff's allegations as true. *See, e.g., Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the plaintiff's complaint." (quotation omitted)); *Cain v. Harford Life & Accident Ins. Co.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."). Thus, in measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on *all claims* made in the complaint. *Korn*, 536 F.Supp.2d at 1205.

33. A defendant may rely on reasonable assumptions in estimating the amount in controversy and need not submit evidence with a notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of

the jurisdictional elements.") (internal quotation marks omitted). Here, however, Plaintiff failed to specify any sum for the value of all of the total claims alleged and remedies sought. "When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition . . . relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006).

34. Further, courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate"); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%). Additionally, in establishing the amount in controversy, a removing party is entitled to make reasonable assumptions. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ("[The removing party] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions."); *see also Oda v. Gucci Am.*, Inc., No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *10 (C.D. Cal. 2015) ("Where, as here, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions."). The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), confirmed that "as specified in §1446(a), a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold."

(Emphasis added.)

35. Moreover, Congress intended that any uncertainty of the removability of an interstate class action be resolved in favor of federal jurisdiction. *See* Senate Judiciary Committee Report, S. REP. 109-14, at 42 ("if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case").

36. In sum, Gruma denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. By estimating the amount Plaintiff may recover if he prevails, however, Gruma does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages, statutory penalties, attorneys' fees or costs of suit in any particular amount or at all. Gruma reserves the full right to dispute Plaintiff's claims with respect to both liability, damages, penalties, and any amount of reasonable attorneys' fees or costs requested. Nevertheless, and notwithstanding Plaintiff's failure to allege the total amount of damages claimed, the amount in controversy as alleged by Plaintiff in this case exceeds $5,000,000, as set forth in more detail below.

**1. <u>Overtime Claims Put Over $3,233,445 in Controversy</u>**

37. Plaintiff's first cause of action alleges violation of California Labor Code § 510 for failure to pay overtime.

38. Plaintiff alleges that he and the putative class members "worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked." (Ex. A, Compl. ¶ 52.) Plaintiff alleges that he and Class Members were entitled to compensation at the rate of one and one-half (1 ½) of such employee's regular rate of pay for any work in excess of eight hours in one workday and any work in excess of

forty hours in any one workweek. (*Id.* ¶ 50.) Plaintiff also contends that he and Class Members were entitled to compensation at the rate no less than twice the employee's regular rate of pay for any work in excess of 12 hours in one workday and any work in excess of eight hours on any seventh day of a workweek (*Id.* ¶ 51.) Plaintiff seeks to recover the alleged overtime compensation, as well as interest, penalties, costs, and attorneys' fees, amongst other relief. (*Id.* ¶ 54, Prayer for Relief ¶ 131.)

39. During the period of August 29, 2021 to August 29, 2025, Gruma employed approximately 5,511 putative class members. The putative class worked an aggregate of over 1,970,970 work shifts, approximately 47% of which, or 917,958, were shifts of more than eight hours during the bulk of this period. (Gaitan Decl., ¶ 6a.) The employees worked in excess of 412,057 weekly pay periods. (*Id.*) The average regular rate of pay among this group of employees was approximately $23.27 during the bulk of this period. (*Id.*)

40. Although Gruma denies all liability and contends that all overtime was properly paid, assuming conservatively, for purposes of this analysis only that the putative class members were not paid for the equivalent of one hour of overtime for each week of their employment, reduced by the percentage of shifts of more than 8 hours and further reduced to estimate a conservative 10% violation rate, the amount in controversy based on Plaintiff's overtime claim exceeds **$3,233,445** (calculated as follows: $23.27 per hour x 1 hour/week x 1.5 overtime rate x 1,970,970 x .47 x .10) - work shifts potentially subject to overtime hours). The potential recovery on Plaintiff's first cause of action, alone, nearly meets CAFA's $5,000,000 threshold.

**2. Minimum Wage Claims Place at Least $365,615 in Controversy**

41. Plaintiff's second cause of action also alleges violations of California Labor Code § 1194 for failure to pay minimum wages. (Ex. A, Compl. ¶ 58.) Plaintiff alleges that "Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members." (*Id.*) Plaintiff seeks allegedly

unpaid minimum wages, interest, penalties, liquidated damages, and attorneys' fees, amongst other relief. (*Id.* ¶ 60, Prayer for Relief ¶ 113.)

42. During the period of August 29, 2021 to August 29, 2025, Gruma employed at least 5,511 putative class members. The putative class worked an aggregate of over 1,970,970 work shifts, approximately 53% of which, or 1,044,614 were shifts less than eight (8) hours during the bulk of this period. (Gaitan Decl., ¶ 6a.) The average regular rate of pay among this group of employees was approximately $23.27 during the bulk of this period. (*Id.*)

43. Although Gruma denies all liability and contends that all wages were properly paid, assuming conservatively, for purposes of this analysis only that the putative class members were under Gruma's control and/or performing job duties for just 15 minutes per shift, without compensation, each shift of their employment during which they were entitled to a compensation, from August 29, 2021 to August 29, 2025, and further applying only the lowest applicable minimum wage rate of $14/per hour (the minimum wage in 2021), and further reduced to estimate a conservative 10% violation rate, the amount in controversy is in excess of **$365,615** (calculated as follows: $14 per hour x .25 hour x 1,044,614 work shifts less than eight (8) hours x .10). As the minimum wage has increased over time, the amount in controversy on this claim is actually higher.

**3. Meal and Rest Break Claims Place Over $6,697,815 in Controversy**

44. Plaintiff's third and fourth causes of action alleges violation of California Labor Code §§ 226.7 and 512 for failure to provide compliant meal periods and rest breaks, and failure to pay the corresponding premiums.

45. Plaintiff alleges that "Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty- free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were

not provided compliant meal periods." (Ex. A, Compl. ¶ 65.) Plaintiff also alleges that "Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods." (*Id.* at ¶ 73.) Plaintiff seeks, on behalf of himself and the Class, premium wages pursuant to §§ 226.7 and 512. (*Id.* at ¶¶ 66-68 and 76, and Prayer for Relief ¶ 131.)

46. As noted above, during the relevant period, the putative class members worked 1,970,970 work shifts, approximately 47% of which, or 917,958, were shifts of more than eight hours and approximately 99% of which, or 1,960,347, were shifts of three-and-a-half hours or greater during the bulk of this period. (Gaitan Decl., ¶ 6a.) The average regular rate of pay among this group of employees is approximately $23.27 during the bulk of this period. (*Id.*) Based on Plaintiff's allegations that all meal periods and rest breaks were non-compliant, it is reasonable to assume that Plaintiff's claim involves unpaid meal period premiums for 917,958 work shifts, and unpaid rest break premiums for 1,960,347 work shifts.

47. Although Gruma denies all liability, assuming conservatively, for purposes of this analysis only that the putative class members were not provided a legally compliant meal period during each shift of their employment that exceeded six hours, during the applicable limitations period, and further reduced to estimate a conservative 10% violation rate, the amount in controversy for alleged meal period violations alone is $2,136,088 (calculated as follows: $23.27 per hour x 1 hour (premium pay) x 917,958 shifts x .10). Similarly, although Gruma denies all liability, the amount in controversy for alleged rest period violations is $4,561,727 (calculated as follows: $23.27 per hour x 1 hour (premium pay) x 1,960,347 shifts x .10). Accordingly, there is "substantial, plausible evidence" that the amount in

controversy in Plaintiff's second and third causes of action, alone, exceeds **$6,697,815** and alone meets CAFA's $5,000,000 threshold utilizing a 10% conservative violation rate.

**4. Claimed Waiting Time Penalties Add More Than $307,164 to the Amount in Controversy**

48. Plaintiff's fifth cause of action alleges violation of California Labor Code §§ 201, 202, and 203 for failure to pay all wages due upon termination of employment. Plaintiff alleges that "Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination." (Ex. A, Compl. ¶ 81.) Plaintiff also alleges that he "and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days, pursuant to Labor Code Labor Code § 203." (*Id.* ¶ 82) Plaintiff seeks to recover "waiting time penalties [and] interest." (*Id.* ¶ 84, Prayer for Relief ¶ 131.)

49. During the period of August 29, 2021 to September 29, 2025, approximately 3,300 putative class members separated from employment with Gruma in California. (Gaitan Decl., ¶ 6a.) The average regular rate of pay among the putative class members is approximately $23.27 during the bulk of this period. (*Id.*)

50. Although Gruma denies all liability, assuming conservatively, for purposes of this analysis only that the putative class members were not timely paid final wages due, the amount in controversy for the alleged Section 203 claim is at least **$307,164** (calculated as follows: $23.27 per hour x 8 hours x 5 days x 3,300 putative former employees x .10).

**5. Wage Statement Claims Place at Least $2,204,400 in Controversy**

51. Plaintiff's sixth cause of action alleges violation of California Labor Code § 226(a) for failure to provide accurate itemized wage statements. Plaintiff

alleges that Defendants "failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things." (Ex. A, Compl. ¶ 88.) Plaintiff seeks to recover damages up to "an aggregate [of] $4,000.00 per employee." (*Id.* ¶ 91, Prayer for Relief ¶ 131.)

52. During each weekly pay period that occurred in the time period applicable to the bulk of Plaintiff's wage statement claim, August 29, 2021 to September 29, 2025, Gruma employed an approximate low of 1,657 to an approximate high of 2,110 putative class members. (Gaitan Decl., ¶ 6b.) California Labor Code Section 226(a) provides a maximum aggregate statutory penalty of $4,000 per affected employee. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.")

53. Although Gruma denies all liability, assuming conservatively, for purposes of this analysis only that Gruma failed to provide 5,511 putative class members complete and accurate wage statements averaging $4,000 per employee, at a conservative 10% violation rate, the amount in controversy is at least **$2,204,400** (calculated as follows: 5,511 putative class members x $4,000 x .10).

**6. The Class Claims Satisfy CAFA's Amount in Controversy Requirement**

54. Based on the claims described above, the alleged class-wide liability by itself greatly exceeds CAFA's $5,000,000 amount in controversy requirement in the conservatively estimated amount of over **$10.4 million**.

**7. <u>Attorneys' Fees Add to the Amount in Controversy</u>**

55. Plaintiff's Complaint also seeks an award of attorneys' fees. (Ex. A, Compl. ¶¶ 34, 54, 68, 76, 95, 125, Prayer for Relief ¶ 131.) Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal. *Longmire v. HMS Host U.S., Inc.*, Case No., 12-cv-2203, 2012 WL 5928485, at * 9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz*, 2007 WL 1302504, at *4 (attorneys' fees appropriately included in determining amount in controversy).

56. In the class action context, courts have found that a reasonable percentage of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *27-29 (N.D. Cal. Apr. 1, 2011); *Cicero v. Di-recTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010).

57. Although Gruma denies all liability and disputes that Plaintiff is entitled to any attorneys' fees, if Plaintiff's fees are based on a highly conservative benchmark of 20% of the total amount in controversy, his claim for attorneys' fees alone adds another $2 million in excess of the CAFA threshold.

## VI. <u>SATISFACTION OF ALL REMOVAL PREREQUISITES</u>

58. Gruma has sought no similar relief with respect to this matter.

59. Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law. 28 U.S.C. § 1446(d).

60. A Notice of Filing Notice of Removal, with a copy of this Notice of

Removal attached, will promptly be filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

61. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Northern District of California, and this cause is removable to the United States District Court for the Northern District of California.

## VII. ADOPTION AND RESERVATION OF DEFENSES

Gruma incorporates by its Answer by reference. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Gruma's right to assert any defense or affirmative matter, including but not limited to the following defenses: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of all of the claims on an individual basis; (8) class action waiver; (9) failure to join indispensable parties; (10) setoff; (11) statute of limitations bar; or (12) any pertinent defense under the California or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## VIII. CONCLUSION

28. Based on the foregoing, this Court has jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1446.

29. In the event this Court has a question regarding the propriety of this Notice of Removal, Gruma requests that the Court issue an Order to Show Cause so that Gruma may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages and/or citizenship.

WHEREFORE, Gruma gives notice that the above-described action in the Superior Court of the State of California for the County of Alameda – Northern District is removed to this Court.

Dated: October 8, 2025

CDF LABOR LAW LLP
Wanja S. Guy

By: /s/ Dan M. Forman
Dan M. Forman
Attorneys for Defendant
GRUMA CORPORATION

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
08/29/2025
Chad Finke, Executive Officer / Clerk of the Court
By: A. Gospel Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
GRUMA CORPORATION, a Texas corporation; HITZAYALA HERNANDEZ, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Alameda– Hall of Justice
24405 Amador Street, Hayward, California 94544

CASE NUMBER: *(Número del Caso):*
25CV140153

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., Calyn V. Hadlock, 1460 Westwood Blvd, Los Angeles, California, 90024, (310) 438-5555

DATE: 08/29/2025 *(Fecha)* Chad Finke, Executive Officer / Clerk of the Court
Clerk, by *(Secretario)* A. Gospel, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): GRUMA CORPORATION, a Texas corporation

under: ☒ CCP 416.10 (corporation) ☐ ~~CCP 416.60 (minor)~~
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

**BIBIYAN LAW GROUP, P.C.**
Molly A. DeSario (Cal. Bar No. 230763)
*mdesario@tomorrowlaw.com*
Calyn V. Hadlock (Cal. Bar No. 352401)
*calyn@tomorrowlaw.com*
Sareen K. Khakh (Cal. Bar No. 359245)
*sareen@tomorrowlaw.com*
1460 Westwood Blvd
Los Angeles, CA 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, JORGE NAVA GOMEZ, and on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**08/29/2025 at 08:35:37 PM**
By: Andrei Gospel,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

GRUMA CORPORATION, a Texas corporation; HITZAYALA HERNANDEZ, an individual; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: 25CV140153

**CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;
2. FAILURE TO PAY MINIMUM WAGES;
3. FAILURE TO PROVIDE MEAL PERIODS;
4. FAILURE TO PROVIDE REST PERIODS;
5. WAITING TIME PENALTIES;
6. WAGE STATEMENT VIOLATIONS;
7. FAILURE TO TIMELY PAY WAGES;
8. VIOLATION OF QUOTA LAWS; and
9. UNFAIR COMPETITION.

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $35,000.00]

Plaintiff JORGE NAVA GOMEZ ("Plaintiff"), on behalf of Plaintiff and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, against Gruma Corporation, and any of its respective subsidiaries or affiliated companies within the State of California ("GRUMA"); and HITZAYALA HERNANDEZ ("HERNANDEZ" and collectively with GRUMA CORPORATION and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A. Plaintiff

2. Plaintiff JORGE NAVA GOMEZ is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, scanning products and loading them with forklift. Plaintiff JORGE NAVA GOMEZ worked for Defendants from approximately January of 2019 through approximately August of 2024 with duties, that included, a sundry of forklift duties subject to production targets and quotas. Under Defendants' quotas, Plaintiff was assigned or required to perform at a specified productivity speed, perform a quantified number of tasks, and/or to handle or produce a quantified amount of material, within a defined time period, under which he suffered adverse employment actions if he failed to complete the performance standard for Defendants, and each of them.

### B. Defendants

3. Plaintiff is informed and believes and based thereon alleges that defendant GRUMA is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Texas and doing business in the County of Alameda, State of California. At all relevant times herein, GRUMA employed Plaintiff and similarly situated employees within the State of California.

4. Plaintiff is informed and believes and based thereon alleges that defendant HERNANDEZ is, and at all times relevant hereto was, an individual residing in California, as well as the Human Resources Manager of GRUMA, and DOES 1 through 100, as further defined below.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

6. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include GRUMA, and any of its parent, subsidiary, or affiliated companies within the State of California, as well as HERNANDEZ and DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7. Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8. All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and

collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

9. Plaintiff is further informed and believes and based thereon alleges that HERNANDEZ violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

10. Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of GRUMA, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with HERNANDEZ and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

A. The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B. The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C. Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D. Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as

mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E. The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F. Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

11. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

12. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

13. Venue is proper in Alameda County, California pursuant to Code of Civil Procedure sections 392, *et seq.* because, among other things, Alameda County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Alameda County, and because Defendants employ numerous Class Members in Alameda County.

## FACTUAL BACKGROUND

14. At all relevant times mentioned herein, Defendants employed Plaintiff and other persons as non-exempt employees at numerous locations within California. Defendants employed

Plaintiff in a non-exempt position during Plaintiff's employment and continues to employ non-exempt employees within California.

15. Plaintiff is informed and believes, and based thereon alleges, that all times mentioned herein, Defendants were advised by skill lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and all others similarly situated, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so all in order to increase Defendants' profits. Furthermore, Plaintiff, is informed and believes, and thereon alleges that Defendants further implemented an unlawful policy and practice of alleging that employees were "stealing time" when they failed to clock-in or clock-out at the designated scheduled time when in fact Defendants use this strategy to terminate, reprimand, or retaliate against employees who complained that Defendants' quota and production demands were unreasonable and violated Labor Code sections 2100 – 2112.

17. Plaintiff is informed and believes, and thereon alleges, that at all times Defendants tracked each and every workday, pay period, shift, meal period, and rest period that was unlawful and in violation of California laws.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they imposed systematic quota and production demands on Plaintiff and Class Members in violation of employees' rights pursuant to Labor Code sections 2100 *et. seq.*, Defendants had a duty to ensure its production demands did not interfere with Plaintiff's and Class Members' right to lawful meal periods, rest periods, bathroom breaks, and/or expose them to safety hazards. Defendants willfully, knowingly, and intentionally failed to establish legally compliant quotas, placing profits above concern for employee safety.

**Unpaid Wages**

19. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive at least minimum, regular,

overtime, and double times wages and that they were not receiving minimum, regular, overtime, and double time wages for all work that was required to be performed. Furthermore, Defendants knew that on January 1, 2022, they must provide Plaintiff and Class Members a written description of Defendants' quota production demands and failed to do so.

20. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave work late without being able to clock in for all that time, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, and to clock out for meal periods and continue working to the detriment of Plaintiff and Class Members.

21. For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

**Meal Period Violations**

22. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a timely, off-duty, uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period. Upon information and belief, Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful meal periods.

23. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

**Rest Period Violations**

24. Defendants tracked and maintained a record of each and every rest period that violated California law including when Plaintiff or Class Members worked up to 10 - 12 hours in a workday. Defendants' quota demands were unreasonable and pressured Plaintiff and Class Members to work through rest periods.

25. Plaintiff is informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period. Upon information and belief, Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful rest periods.

26. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

27. During the Class Period, Plaintiff and Class Members regularly worked in excess of four (4) hours or major fraction thereof. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not permitted to take compliant rest breaks, due to Defendants' unlawful policy and practice to favor production goals over employee rights. Consequently, Plaintiff and Class Members were not authorized or permitted to take rest breaks, including first, second, and third rest breaks. Defendants failed to pay Plaintiff and Class Members one additional hour of pay at

their regular rate of pay when they did not receive a compliant rest break. On information and belief, Defendants also failed to provide recovery periods to Plaintiff and Class Members. Defendants' quota requirements were unlawful and prevented employees from complying with California laws regarding recovery and rest periods.

28. <u>Recovery Period Violations</u>: Defendants failed to maintain a policy of providing recovery or permitted recovery periods and/or paying premium pay in lieu thereof. Quota and performance demands were unreasonable and pressured Plaintiff and Class Members to work through breaks including recovery periods. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive recovery periods for safety, including cooling-down, and heat prevention illness. Defendants, among other reasons, enacted quotas that prevented Plaintiff and Class Members from taking recovery periods. Consequently, Plaintiff and Class Members were not authorized or permitted to take recovery periods which permit employees of a minimum of five (5) minutes to "cool down." Defendants failed to pay Plaintiff and Class Members one additional hour of pay at their regular rate of pay when they did not provide a recovery period. On information and belief, Defendants also failed to provide recovery periods to Class Members.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, and premium wages.

30. Plaintiff is informed and believes and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of Labor Code section 226 to pay and record each premium pay and meal and rest period violation which Defendants tracked and recorded. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times,

failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

31. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

32. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

33. Since January 1, 2022 and continuing to the present, Defendants have had a consistent policy of willfully and intentionally failing to comply with Labor Code sections 2100, 2101, 2102, 2103, 2104, 2105 and 2108 in connection with Plaintiff and Class Members who, like Plaintiff, were covered employees under Labor Code section 2100, within the State of California. Class Members, like Plaintiff, had a sundry of warehouse duties subject to production targets and quotas. Under Defendants' quotas, Plaintiff and Class Members are assigned and/or required to perform at a specified productivity speed, and/or perform a quantified number of tasks, and/or handle and/or produce a quantified amount of material, within a defined time period. Moreover, Plaintiff and Class Members suffered adverse employment actions if they failed to complete the performance standard for Defendants, and each of them.

34. Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 245, *et seq.*, 510, 512, 558.1, 1194, 1194.2, 1197, 2100, 2101, 2102, 2103, 2104, 2105, 2108, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages,

payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, and wage statement penalties, other such provisions of California law, and reasonable attorneys' fees and costs.

35. Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

**CLASS ACTION ALLEGATIONS**

36. Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

37. Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

38. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. Numerosity**

39. The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

40. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the

number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B. <u>Commonality</u>**

41. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A. Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C. Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E. Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J. Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K. Did Defendants' practices and policies violate Labor Code sections 2100 through 2105 for requiring warehouse employees to meet excessive and unlawful quotas thereby

preventing them from complying with rest, recovery and meal periods, their ability to use restroom facilities, travel to and from restroom facilities, an/or expose them to safety and Occupational Safety and Health Administration ("OSHA") violations?

L. Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

M. Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

N. Are Class Members entitled to costs and attorneys' fees?

O. Are Class Members entitled to interest?

**C. <u>Typicality</u>**

42. The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

43. Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E. <u>Superiority of Class Action</u>**

44. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

45. Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of

any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

F. **Public Policy Considerations**

46. Employees in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

47. The quota laws clearly state that "… an employee cannot be required to meet a quota that prevents compliance with meal or rest breaks, use of bathroom facilities (including reasonable travel time to and from bathrooms), or compliance with occupational health and safety standards. A quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards is unlawful and may not be the basis for an adverse employment action. A quota may be illegal if it directly or indirectly precludes employees from exercising these statutory rights. For example, a quota that requires that employees always be engaged in productive activity during work hours would be unlawful as it would directly prevent employees from taking meal and rest periods to prevent them from using bathroom facilities during work hours or exercising their rights regarding health and safety standards. Similarly, a quota may be so high that if an employee takes meals and rests, goes to the bathroom, or attempts to exercise their rights under occupational health and safety standards, they will fail to meet the quota. Such a quota indirectly precludes an employee from exercising these statutory rights and is also unlawful. An employer cannot take adverse employment action against an employee for failing to meet an unlawful quota or a quota that has not been disclosed to the employee. (*See* Lab. Code, § 2103; *see* DLSE FAQ summary and description of California's quota laws at https://www.dir.ca.gov/dlse/FAQ_warehousequotas.htm/.)

///

///

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Wages -Against All Defendants)**

48. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

49. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

50. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

51. At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

52. Four (4) years prior to the filing of the Complaint in this action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, and Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

53. Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

54. As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been

deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

**SECOND CAUSE OF ACTION**

**(Failure to Pay Minimum Wages – Against All Defendants)**

55. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

56. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

57. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

58. For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

59. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

60. Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

**THIRD CAUSE OF ACTION**

**(Failure to Provide Meal Periods – Against All Defendants)**

61. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

62. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

63. Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

64. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

65. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

66. By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

67. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

68. Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

///

## FOURTH CAUSE OF ACTION

**(Failure to Provide Rest Periods – Against All Defendants)**

69. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

70. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

71. California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

72. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

73. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

74. By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

75. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

76. Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

77. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

78. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

79. Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

80. Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

81. Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but

intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

82. Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

83. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

84. Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

85. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

86. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

87. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

88. Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

89. Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

90. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

91. Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover S50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

92. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

93. Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

94. At all relevant times, Plaintiff and Class Members were employees or former

employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

95. Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

96. Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

97. Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

98. Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

99. Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

**EIGHTH CAUSE OF ACTION**

**(Violation of California's Quota Law –Against All Defendants)**

100. Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

101. At all relevant times, Defendants had a duty to comply with Labor Code sections 2100 *et seq.*

**Defendants Failed to Disclose Quotas & Enforces Undisclosed Quotas**

102. Starting January 1, 2022, Defendants were required to provide each new hire a written description of each quota the Defendants required Plaintiff and Class Members to work under. This includes the number of tasks to be performed or materials that must be produced or handled within a time period, and any potential adverse employment action that could result from failing to meet quotas as defined by Labor Code 2100 *et. seq.*

103. Plaintiff and Class Members routinely worked more than twelve hours in Defendants' warehouses and logistics centers throughout California and strictly enforced its unlawful quotas. Defendants knew they had a duty to disclose written quotas in compliance with California's quota laws and failed to comply with its legal duty despite the advice of its legal counsel.

104. Defendants had and have the financial ability to comply with California's quota laws, but willfully, knowingly and intentionally refuse to comply despite its profit and financial strength. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

105. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they imposed systematic quota and production demands on Plaintiff and Class Members which violated the rights of employees pursuant to Labor Code sections 2100 *et. seq.* Defendants, and each of them, know and have known at all times herein referenced that it requires and required Plaintiff and Class Members "...to meet a quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards" in violation of Labor Code section 2102.

**Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**

106. On information and belief, hundreds of employees have suffered quota related injuries

since January 1, 2022. On information and belief, Defendants, and each of them, have an unwritten policy which is implemented through supervisors and managers that eliminates injured employees. While Defendants, and each of them, sometimes offer light duty positions and tasks, the reality is injured employees were targeted for elimination for one well known reason: the perception and false belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive employees and are terminated for "low performance."

107. Defendants, and each of them, willfully, knowingly and intentionally failed to establish quotas that did not harm Plaintiff and Class Members in order to increase Defendants' profits without concern for employee safety. Defendants' quotas required Plaintiff and Class Members, to meet quantified work and production targets and quotas relating to their warehouse duties.

**Defendants' Warehouse Employees are Covered Employees**

108. Defendants, and each of them, are covered employers and maintain, implement, and enforces illegal quotas. Plaintiff and Class Members are subject to quotas and are protected by Labor Code section 2100, subdivision (h), which states that a "quota" means a work standard under which an employee is assigned or required to perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or produce a quantified amount of material, within a defined time period and under which the employee may suffer an adverse employment action if they fail to complete the performance standard."

109. Defendants, and each of them, measure, analyze, store, evaluate and/or rate warehouse employees' performance based on employee work speed data and subsequently takes adverse action against them for failing to meet undisclosed quotas. Labor Code section 2100 states at subdivision (e)(1) that "'employee work speed data' means information an employer collects, stores, analyzes, or interprets relating to an individual employee's performance of a quota, including, but not limited to, quantities of tasks performed, quantities of items or materials handled or produced, rates or speeds of tasks performed, measurements or metrics of employee performance in relation to a quota, and time categorized as performing tasks or not performing tasks." Under section (e)(2), "'employee work speed data' does not include qualitative performance assessments, personnel records, or itemized wage statements pursuant to Section 226, except for any content of those records that includes

employee work speed data as defined in this part."

110. Defendants store, track, and analyze employees' speed data to measure performance and takes adverse employment action against employees in violation of Labor Code section 2102, which states that "[a]n employee shall not be required to meet a quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards. An employer shall not take adverse employment action against an employee for failure to meet a quota that does not allow a worker to comply with meal and rest breaks, or occupational health and safety laws in the Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the employee pursuant to Section 2101."

111. Plaintiff and Class Members, as alleged throughout this complaint, were required to meet excessive quotas. Defendants could comply with the law by complying with the law and refuse to do so. Defendants claim they do not have, maintain, implement, or require quotas of any of its warehouse employees.

**Defendants Changes Quotas Regularly and Fail to Disclose New Quotas**

112. Defendants failed to advise and/or disclose to new hires the written quota description as required by Labor Code section 2101. Moreover, Defendants, and each of them, change their quotas regularly and do not provide (a) written disclosure(s) to warehouse employees after each quota is updated or changed.

113. Defendants, and each of them, failed to disclose Plaintiff's quota after Plaintiff demanded Plaintiff's written disclosures pursuant to Labor Code section 2104, which states at (a)(1) that "[i]f a current or former employee believes that meeting a quota caused a violation of their right to a meal or rest break or required them to violate any occupational health and safety laws in the Labor Code or division standards, they have the right to request, and the employer shall provide, a written description of each quota to which the employee is subject and a copy of the most recent 90 days of the employee's own personal work speed data." Subdivision (a)(2) states that "[i]f a former employee requests a written description of the quotas to which they were subject and a copy of their own personal work speed data pursuant to paragraph (1), the employer shall provide 90 days of the former

employee's quotas and personal work speed data for the 90 days prior to the date of the employee's separation from the employer. Subdivision (a)(3) states that "[a] former employee is limited to one request pursuant to this subdivision." Subdivision (b) states that "[a]n employer that receives a written or oral request for information pursuant to subdivision (a) shall comply with the request as soon as practicable, but no later than 21calendar days from the date of the request. Plaintiff, through their Counsel of record, served on Defendants a demand for a written description of the quotas they were subject to. Defendants ignored their request. More than 21 days have passed since the request for a written description and Defendants refuses to comply with the law. As such, Plaintiff is forced to both file a lawsuit and/or file for injunctive relief for Plaintiff and on behalf of Class Members.

**Quotas Interfered with Employees' Use of Bathroom Facilities**

114. Plaintiff and Class Members were restricted in their ability to use the bathroom facilities as a result of Defendants' (and each of their) unlawful quota requirements, as alleged herein and above. Employees were monitored by Defendants' leads and/or supervisors and were instructed to minimize the use of the bathroom facilities or were restricted to use bathroom facilities until the designated break time. As such, Defendants, and each of them, violated Labor Code sections 2100 *et. seq.*

**Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**

115. On information and belief, hundreds of employees have suffered quota related injuries. On information and belief, Defendants' (and each of their) unwritten policies, which are implemented through supervisors and managers, is to eliminate injured employees. While Defendants, and each of them, sometimes offer light duty positions and tasks the reality is injured employees were targeted for elimination for one well known reason: the perception and false belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive employees and are terminated for "low performance."

**Quotas Adversely Impacted Meal & Rest Periods**

116. Defendants knew that Plaintiff, Class Members, and Class Members were entitled to receive legal meal periods. Defendants, and each of them, enacted quotas that prevented Plaintiff and Class Members from complying with California's meal period laws. Plaintiff and Class Members

regularly worked in excess of five (5) and/or 10 hours per workday. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive compliant lunches because of Defendants' unlawful quotas.

117. Defendants, and each of them, maintained excessive quota demands which interfered with Plaintiff and Class Members' ability to take legal meal periods and in fact it prevented them from complying with California law regarding lunches. For example, employees were monitored, reprimanded, and discouraged from taking meal periods. Employees were required under the penalty of reprimand or termination to clock in and out for meal periods. This ruse was implemented and required by Defendants for unlawful purposes. In reality, the unwritten meal period policy was to work through meal period or be punished. If Defendants can demonstrate employees clocked in and out for lunch, then it can falsely argue that they complied with California law in defending the many lawsuits accusing them of violating California break laws. The reality was, is, and will continue to be that Defendants' quotas are excessive and can only be met if Plaintiff and Class Members work through meal periods or take shortened meal periods.

**On Duty/On Call Breaks**

118. Defendants also violated Labor Code section 2103 because it required and continues to require on duty or on call breaks and routinely interrupted breaks. Defendants, and each of them, know when warehouse employees are working through breaks to meet quotas in violation of Labor Code section 2103 which states, "(n)otwithstanding subdivision (a), consistent with existing law, meal and rest breaks are not considered productive time unless the employee is required to remain on call.

119. Plaintiff and Class Members were regularly and routinely required to remain on call to meet quotas. Defendants required employees to regularly monitor quota statistics and receive and respond to messages when on breaks.

**Quotas Adversely Impacted Class Members Right to Take Legal Rest Breaks**

120. Defendants knew that Plaintiff, and Class Members were entitled to legal rest breaks. Defendants enacted quotas that prevented Plaintiff and Class Members from complying with California rest period laws.

121. On information and belief, Defendants, and each of them, take adverse employment

action against employees who choose and/or insist on a legal rest break. Class Members were monitored, reprimanded, and discouraged from using bathroom facilities until their designated time for rest breaks. However, this policy and practice was implemented and encouraged by Defendants' (and each of their) supervisory and/or managerial personnel such that if Class Members worked through rest break or took shortened rest breaks, they could meet Defendants' (and each of their) quota requirements.

122. Defendants also implemented an illegal policy requiring Plaintiff and Class Members to "waive" meal periods. Plaintiff and Class Members were required to sign meal period waivers when in fact many employees did not want to sign waivers because they wanted a break. Plaintiff and, on information and belief, Class Members also complained about Defendants' unlawful breaks policies, as evidenced by the dozens of lawsuits for breaks violations, and faced retaliation and termination in violation of Labor Code section 2105 which states that "[f]or purposes of this part, there shall be a rebuttable presumption of unlawful retaliation if an employer in any manner discriminates, retaliates, or takes any adverse action against any employee within 90 days of the employee doing either of the following: (a) Initiating the employee's first request in a calendar year for information about a quota or personal work speed data pursuant to subdivision (a) of Section 2104; (b) Making a complaint related to a quota alleging any violation of Sections 2101 to 2104, inclusive, to the commissioner, the division, other local or state governmental agency, or the employer.

**Injunctive Relief**

123. Plaintiff and Class Members were and continue to labor under the constant threat of Defendants' adverse employment action in violation of Labor Code sections 2100 *et. seq.*

124. Defendants knew or should have known that its quotas were and continue to be illegal. Defendants new and know its quotas require Plaintiff and Class Members to expose themselves to OSHA hazards and other safety hazards. Defendants have been sued many times for violating California's wage and hour laws. Despite prior, current and future litigation, Defendants, and each of them, will continue to violate California's quota laws absent a jury award in Plaintiff and Class Members' favor

125. Plaintiff and Class Members are entitled to injunctive relief under California Labor

Code section 2108, compelling Defendants to comply with California Labor Code sections 2100 *et. seq.*, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

**NINTH CAUSE OF ACTION**

**(Unfair Competition – Against All Defendants)**

126. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

127. Plaintiff is informed and believes and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Plaintiff is further informed and believes and based thereon alleges that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.* Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

128. As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

129. Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

130. Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

**DEMAND FOR JURY TRIAL**

131. Plaintiff demands a trial by jury on all causes of action contained herein.

**PRAYER**

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A. An order certifying this case as a Class Action;

B. An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C. Damages for all wages earned and owed, including minimum and overtime wages, under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

D. Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F. Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G. Waiting time penalties under Labor Code sections 203 and 558.1;

H. Penalties to timely pay wages under Labor Code section 210;

K. Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations, including, without limitation, under Labor Code sections 17200, *et seq.* and 2100, *et seq.*;

L. Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

M. Prejudgment and post-judgment interest at the maximum rate allowed by law;

N. For attorneys' fees in prosecuting this action;

O. For costs of suit incurred herein; and

P. For such other and further relief as the Court deems just and proper.

Dated: August 29, 2025

BIBIYAN LAW GROUP, P.C.

BY: [signature]
Molly A. DeSario
Calyn V. Hadlock
Sareen K.Khakh

Attorneys for Plaintiff TOMAS OSORIO and on behalf of all others similarly situated

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Molly Desario, Esq.; Calyn V. Hadlock (SBN 352401) Sareen K. Khakh (SBN 359245)
BIBIYAN LAW GROUP, 8484 Wilshire Blvd., Suite 500, Beverly Hills, CA 90211

TELEPHONE NO.: (310) 438-5555 FAX NO. *(Optional)*: (310) 300-1705
E-MAIL ADDRESS: calyn@tomorrowlaw.com
ATTORNEY FOR *(Name)*: Plaintiff, JORGE NAVA GOMEZ

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
08/29/2025 at 08:35:37 PM
By: Andrel Gospel,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Hayward Hall of Justice Courthouse

CASE NAME:
JORGE NAVA GOMEZ V. GRUMA CORPORATION et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV140153
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Nine (9)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 29, 2025
Calyn V. Hadlock
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear

**Short Title:** JORGE NAVA GOMEZ V. GRUMA CORPORATION et al. **Case Number:**

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[X] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto Tort (22) | [ ] 34 Auto tort (G)<br>**Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort/ unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wmty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession of the property? [ ] Yes [ ] No** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential |
| | Drugs (38) | [ ] 21 Unlawful Detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate<br>**Is this a CEQA action (Pubi.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 08 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 08 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 08 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |



2000 (C) American LegalNet, Inc.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 08/29/2025 Chad Finke, Executive Officer/Clerk of the Court By: [signature] Deputy A. Gospel |
| PLAINTIFF: JORGE NAVA GOMEZ, an individual and on behalf of all others si | |
| DEFENDANT: GRUMA CORPORATION, a Texas corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 25CV140153 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 12/29/2025 | Time: 8:30 AM | Dept.: 21 |
| Location: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 08/29/2025 Chad Finke, Executive Officer/Clerk of the Court By: [signature] Deputy A. Gospel |
| PLAINTIFF/PETITIONER: JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT: GRUMA CORPORATION, a Texas corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 25CV140153 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Calyn V. Hadlock
BIBIYAN LAW GROUP, P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/03/2025 By: [signature]

A. Gospel, Deputy Clerk

# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110. If applicable, when you file your CM-110 file one of the following:
  - Parties seeking early ADR may request a delay of the Initial Case Management Conference (CMC) by filing form ALA ADR-001, Stipulation to Attend Alternative Dispute Resolution (ADR) and Delay the Initial CMC for 90 days.
  - Parties seeking referral to the Civil and Probate Mediation Panel (CMP) should file with the clerk a Request for Referral to CMP and Proposed Order.
- Agreeing to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
Or visit the court's website at www.alameda.courts.ca.gov/general-information/adr

### What Are the Advantages of Using ADR?

- ***Faster*** –Litigation can take years to complete but ADR usually takes weeks or months.
- ***Cheaper*** – Parties can save on attorneys' fees and litigation costs.
- ***More control and flexibility*** – Parties choose the ADR process appropriate for their case.
- ***Cooperative and less stressful*** – In mediation, parties cooperate to find a mutually agreeable resolution.
- ***Preserve Relationships*** – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- ***Mediation*** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

- **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

  Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- ***Arbitration*** – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

**Mediation Service Programs in Alameda County**

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

**The Congress of Neutrals**
3478 Buskirk Avenue, Suite 1000, Pleasant Hill, CA 94523
Telephone: (925) 937-3008 Website: www.congressofneutrals.org
Their mission is to serve the community, promote harmony and help resolve conflict, one conversation at a time.

Note: For a list of additional mediation service providers, please contact the ADR Office.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544, or Fax to (510) 267-5727.

1. Date complaint filed: ____________________. An **Initial Case Management Conference** is scheduled for:

   Date: Time: Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation ☐ Judicial arbitration
   ☐ Private mediation ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

________________________ ▶ ________________________

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF)

Date:

________________________ ▶ ________________________

(TYPE OR PRINT NAME) (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

ALA ADR-001

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |
|---|---|

Date:

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT)

Date:

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF ATTORNEY FOR DEFENDANT)



Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court, rule 3.221(a)(4)

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Calyn V. Hadlock (SBN 352401)
Bibiyan Law Group
1460 Westwood Blvd Los Angeles, CA 900244975

TELEPHONE NO.: (310) 438-5555 | FAX NO. | E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff: JORGE NAVA GOMEZ

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/08/2025 at 02:49:29 PM
By: Angela Linhares,
Deputy Clerk

**ALAMEDA SUPERIOR COURT**
STREET ADDRESS: 24405 AMADOR STREET
MAILING ADDRESS:
CITY AND ZIP CODE: HAYWARD, CA 94544
BRANCH NAME: HAYWARD HALL OF JUSTICE - SOUTHERN DIVISION

PLAINTIFF: JORGE NAVA GOMEZ, et al.
DEFENDANT: GRUMA CORPORATION, a Texas corporation, et al.

CASE NUMBER: 25CV140153

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: JORGE NAVA GOMEZ

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **NOTICE OF CASE MANAGEMENT CONFERENCE**
3. a. Party served *(specify name of party as shown on documents served):*
   **GRUMA CORPORATION, a Texas corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Rebecca V. Authorized to Accept on behalf of CSC - LAWYERS INCORPORATING SERVICE - REGISTERED AGENT**
4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150**
   **Sacramento, CA 95833-3505**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/8/2025** (2) at *(time):* **12:40 PM**
   **Age: 26-30 Weight: 141-160 Hair: Black Sex: Female Height: 5'1-5'6" Eyes: Race: Asian**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PETITIONER: JORGE NAVA GOMEZ, et al. RESPONDENT: GRUMA CORPORATION, a Texas corporation, et al. | CASE NUMBER: 25CV140153 |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of: **GRUMA CORPORATION, a Texas corporation**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: **Keianna Hostetler - Steno Agency, Inc.**
b. Address: **315 West 9th Street Los Angeles, CA 90015**
c. Telephone number: **(213) 516-4166**
d. **The fee** for service was: **$**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☑ independent contractor.
(ii) Registration No.: **2025-048**
(iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/8/2025**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

**Keianna Hostetler**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated<br>Plaintiff/Petitioner(s)<br>vs.<br>GRUMA CORPORATION, a Texas corporation et al<br>Defendant/Respondent (s) | No. 25CV140153<br><br>Date: 10/02/2025<br>Time: 2:30 PM<br>Dept: 21<br>Judge: Somnath Raj Chatterjee<br><br>ORDER re: Complex Determination Hearing |

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

**PROCEDURES**

Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service.

Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**Plaintiff must file a motion for class certification prior to the August 3, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.**

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated : 10/02/2025



Somnath Raj Chatterjee / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE SOMNATH RAJ CHATTERJEE

Courtroom Clerk: Gaby Constantino CSR: None

**25CV140153** October 2, 2025 2:30 PM

**GOMEZ, AN INDIVIDUAL AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
**vs**
**GRUMA CORPORATION, A TEXAS CORPORATION, et al.**

## MINUTES

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

**PROCEDURES**

Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**Plaintiff must file a motion for class certification prior to the August 3, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.**

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Galey Constantino

By: G. Constantino, Deputy Clerk

Minutes of: 10/02/2025
Entered on: 10/02/2025

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Alameda<br>10/02/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>G. Constantino |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF:<br>JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated | |
| DEFENDANT:<br>GRUMA CORPORATION, a Texas corporation et al | |
| **NOTICE OF CASE RESCHEDULING OR RELOCATION** | CASE NUMBER:<br>25CV140153 |

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for

Initial Case Management Conference as follows:

Rene C. Davidson Courthouse on 12/29/2025 at 8:30 AM in Department 21

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse on 12/29/2025 at 2:30 PM in Department 21

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/02/2025 By G. Constantino

Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 10/02/2025 Chad Finke, Executive Officer / Clerk of the Court By: G. Constantino Deputy |
| PLAINTIFF/PETITIONER: JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT: GRUMA CORPORATION, a Texas corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 25CV140153 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Calyn V. Hadlock
BIBIYAN LAW GROUP, P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/02/2025

By: [signature]

G. Constantino, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 10/02/2025 Chad Finke, Executive Officer / Clerk of the Court By: Deputy G. Constantino |
| PLAINTIFF/PETITIONER: JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT: GRUMA CORPORATION, a Texas corporation et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER: 25CV140153 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Rescheduling or Relocation entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Calyn V. Hadlock
BIBIYAN LAW GROUP, P.C.
calyn@tomorrowlaw.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/02/2025

By:

G. Constantino, Deputy Clerk

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
10/06/2025 at 04:02:13 PM
By: Chan Huang,
Deputy Clerk

CDF LABOR LAW LLP
Dan M. Forman, State Bar No. 155811
dforman@cdflaborlaw.com
Wanja S. Guy, State Bar No. 275734
wguy@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone: (213) 612-6300

Attorneys for Defendant
GRUMA CORPORATION

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

JORGE NAVA GOMEZ, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

GRUMA CORPORATION, a Texas corporation; HITZAYALA HERNANDEZ, an individual; and DOES 1 through 100, inclusive,

Defendants.

Case No. 25CV140153

Assigned for All Purposes To:
Judge: Hon. Somnath Raj Chatterjee
Dept: 21

**DEFENDANT GRUMA CORPORATION'S ANSWER TO PLAINTIFF JORGE NAVA GOMEZ'S CLASS ACTION COMPLAINT**

Action Filed: August 29, 2025

**TO PLAINTIFF JORGE NAVA GOMEZ AND PLAINTIFF'S COUNSEL OF RECORD**:

Defendant GRUMA CORPORATION ("Defendant") hereby answers the COMPLAINT (the "Complaint") filed by Plaintiff JORGE NAVA GOMEZ ("Plaintiff"), as follows:

## I. GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation in the Plaintiff's Complaint and each and every purported cause of action alleged in it, and further denies that Plaintiff has suffered any damages, either in the sum or sums alleged in the Complaint, or in any sum, by reason of any act, omission, or conduct on the part of Defendant, as alleged in the Complaint, or at all.

## II. AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted in this Answer are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves its right to modify, amend, or supplement any affirmative defense contained in this Answer at any time.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. Plaintiff's Complaint, and each and every purported cause of action alleged therein are barred, in whole or in part, because he fails to allege facts sufficient to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Privilege/Legitimate Business Reasons)

2. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff was made by Defendant solely for legitimate, business-related reasons that

were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

3. Defendant is informed and believes, and on that basis alleges, that Plaintiff's Complaint is barred because Plaintiff failed to raise Plaintiff's alleged claims in a timely fashion.

**FOURTH AFFIRMATIVE DEFENSE**

(No Entitlement to Penalties or Liquidated Damages)

4. Plaintiff is precluded from recovering penalties and/or liquidated damages from Defendant under the applicable provisions of the law, including, without limitation, California Labor Code sections 203, 226, 226.3, and 1194.2, the due process clauses of the California and United States Constitutions, and the Fourteenth Amendment to the United States Constitution, Section 1 pursuant to the doctrine articulated in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**FIFTH AFFIRMATIVE DEFENSE**

(Violation of Constitutional Rights)

5. The relief requested by Plaintiff pursuant to California Business and Professions Code sections 17200, et seq. violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

(No Violation of Underlying State or Federal Law)

6. Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code sections 17200, et seq. because Defendant is not liable to Plaintiff for any alleged violation of any underlying state or federal laws.

///

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

(Benefits of Business Practice)

7. Defendant is not liable for violation of unfair business practices pursuant to California Business and Professions Code sections 17200, *et seq.* because the benefits of Defendant's practices with respect to Plaintiff outweigh whatever particular harm or impact the practices caused them.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Unfair, Misleading, or Deceptive Business Practices)

8. Defendant is not liable for unfair business practices pursuant to California Business and Professions Code sections 17200, et seq. because its business practices were not unfair, were not deceptive, and were not likely to mislead anyone.

**NINTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

9. The relief requested by Plaintiff pursuant to California Business and Professions Code sections 17200, et seq. should be denied because Plaintiff has an adequate remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

(No Willfulness)

10. Defendant did not act willfully or with knowledge or reckless disregard as to whether its conduct violated California wage and hour laws.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Entitlement to Injunctive Relief)

11. Plaintiff is precluded from recovering injunctive relief, either in whole or in part. Plaintiff has not and cannot allege or prove that irreparable harm will result if injunctive relief is denied.

///

///

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

(Good-Faith Dispute)

12. The Complaint, and each cause of action therein, fails to state a claim for penalties under California Labor Code § 203 because there is a good-faith dispute as to Defendant's obligation to pay any wages that may be found to be due.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

13. Plaintiff has waived the right, by reason of Plaintiff's conduct and actions, to assert the claims alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

14. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

15. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

16. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, because, to the extent that Defendant took any of the actions alleged, it acted in good faith and with a reasonable belief that its actions were lawful at all times and places mentioned in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees Not Recoverable)

17. Plaintiff is precluded from recovering attorneys' fees from Defendant under applicable provisions of law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Provision of Meal and Rest Breaks)

18. Plaintiff was, at all relevant times, offered and provided the opportunity to take meal and rest breaks, and was not forced to forego such meal and rest breaks, in accordance with the law, and to the extent he did forego any meal and/or rest breaks, Plaintiff voluntarily waived them.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

19. Plaintiff's Complaint as a whole, and/or each purported cause of action alleged therein, is barred under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues, including, but not limited to, payment of wages, meal and rest break, and expense reimbursement issues. Plaintiff, putative class members, and/or any alleged aggrieved employees failed to utilize Defendant's preventive and corrective measures. Reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff, putative class members, and/or any alleged aggrieved employees allegedly suffered.

**TWENTIETH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

20. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, by the after-acquired evidence doctrine.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(In Pari Delicto)

21. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, by the doctrine of *in pari delicto.*

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

22. The claims alleged by Plaintiff are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those provided for in California Code of Civil Procedure Code §§ 335.1, 338(a), 340(a), and California Business and Professions Code § 17208.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

23. Defendant is informed and believe, and on that basis alleges, that Plaintiff, in the exercise of reasonable diligence, could have mitigated the alleged monetary damages to Plaintiff and that Plaintiff failed to exercise such reasonable diligence and has not mitigated such alleged monetary damages. By reason thereof, Plaintiff is barred, in whole or in part, from recovering any damages from Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Failure to Comply with Employer's Directions)

24. Plaintiff's Complaint as a whole, and/or each purported cause of action alleged therein, is barred in whole or in part by California Labor Code sections 2854 and 2856 in that, based on Plaintiff's generic and vague allegations that Plaintiff, putative class members, and/or any alleged aggrieved employees allegedly missed meal periods and rest breaks, and allegedly were not reimbursed for business expenses, Plaintiff, putative class members, and/or any alleged aggrieved employees failed to use ordinary care and diligence in the performance of their duties, including failing to record all hours worked, failing to take compliant meal periods and rest breaks, failing to report all business expenses and failing to comply substantially with the reasonable directions of their employer to record all hours worked, take compliant meal periods and rest breaks, and submit all business expenses, and had Plaintiff, putative class members, and/or any alleged aggrieved employees followed Defendant's procedures with regard to the performance of their duties they would not have sustained any of the alleged damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Voluntary Waiver – Meal Periods)

25. Plaintiff's Third Cause of Action is barred, in whole or in part, to the extent Plaintiff, putative class members, and/or any alleged aggrieved employees failed to take and/or record meal periods, as reasonably expected and provided by Defendant. At all times, Defendant provided meal periods to employees, including Plaintiff, putative class members, and any alleged aggrieved employees, as required by law. Plaintiff's Third Cause of Action is barred, in whole or

in part, to the extent Plaintiff, putative class members, and/or any alleged aggrieved employees voluntarily waived and/or chose to forego or otherwise limit their right to take the meal periods as provided.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Voluntary Waiver – Rest Break)

26. Plaintiff's Fourth Cause of Action is barred, in whole or in part, to the extent Plaintiff, putative class members, and/or any alleged aggrieved employees failed to take rest breaks, as reasonably expected and permitted by Defendant. At all times, Defendant authorized and permitted employees, including Plaintiff, putative class members, and any alleged aggrieved employees, to take rest breaks as required by law. Plaintiff's Fourth Cause of Action is barred, in whole or in part, to the extent Plaintiff, putative class members, and/or any alleged aggrieved employees voluntarily waived and/or chose to forego or otherwise limit their right to take the rest breaks as permitted.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Setoff)

27. Defendants' liability, if any, shall be set off and reduced based upon any recoveries, payments, awards, and/or judgments obtained from any other party or entity for any injury or damage claimed in Plaintiff's lawsuit.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Plead Claim with Particularity)

28. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, because the Complaint fails to plead with particularity any allegations or claims against Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Proximate Cause)

29. To the extent that Plaintiff incurred, suffered, or sustained any damages, which Defendant denies, any act, conduct, or omission, on the part of Defendant was neither a substantial factor in bringing about, nor a contributing cause of, such damages. Instead, any act, conduct, or

omission on the part of Defendant was superseded by the acts, conduct, or omissions of Plaintiff or persons or entities other than Defendant, which were the independent, intervening, and proximate cause of any damages incurred, suffered, or sustained by Plaintiff.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Paid all Wages)

30. Defendant is informed and believe that further investigation and discovery will reveal that it paid all wages and overtime in accordance with applicable law, and on that basis alleges, that any allegation that Defendant failed to pay wages and overtime, to the extent found to be an act or omission, was an act or omission made in good faith and Defendant had reasonable grounds for believing that its wage payment practices complied with applicable law and that such act or omission was not a violation of the Labor Code or any other applicable law such that Plaintiff is not entitled to any penalties or damages in excess of any wages which might be found to be due.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Putative Class Members Received Full Meal and Rest Periods)

31. Defendant alleges that time for which Plaintiff seeks compensation for late or short meal and/or rest periods does not amount to liability because any time that is slightly short is balanced by, of falls in favor of the putative class members, when longer meal and rest periods were taken and thus does not rise to the level of a violation subject to payment of a premium.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Uncertifiable Putative Class)

32. Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred because Defendant has not engaged in actions of the kind alleged that are generally applicable to the putative class members, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action and as such this action may not be determined by a single fact finder or on a class-wide basis, and thus allowing this action to proceed as a class action would violate Defendant's rights to due process and trial by jury.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Inadequate Class Representative)

33. Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff is an inadequate class representative for the claims asserted.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(No Common Question of Law or Fact)

34. Defendant alleges that questions of law and fact common to the putative class members does not predominate over questions affecting individual members of the proposed class. Therefore, this action is not appropriate for certification as a class action.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(No Typicality)

35. Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff cannot establish that his claims are typical of those of the class and therefore the Complaint cannot proceed as a class action.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Numerosity)

36. Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred in whole or in part, because Plaintiff cannot establish that members of the class are so numerous that joinder is impracticable.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(No Community of Interest)

37. Defendant alleges that the class allegations in the Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiff and the putative class members.

///

///

///

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Unmanageability)

38. Defendant alleges that the putative class members Plaintiff seeks to represent are unmanageable.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Plea of Abatement)

39. Plaintiff's claims, and each and every allegation contained in Plaintiff's Complaint, are barred on the grounds that, to the extent there are other actions pending between the same parties on the same cause of action, Plaintiff's Complaint, and each and every allegation contained therein, are subject to mandatory plea of abatement.

**FORTIETH AFFIRMATIVE DEFENSE**

(Class Waiver)

40. Plaintiff's causes of action, and those of the putative class members, are barred from being heard in this Court as Plaintiff waived the right to bring a class action pursuant to an enforceable agreement between the parties.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Arbitration)

41. Plaintiff's causes of action, and each of them, are barred from being heard in this Court as Plaintiff and the putative class members, are subject to binding, individual arbitration pursuant to an enforceable arbitration agreement between the parties as the members of the class Plaintiff seeks to represent, the existence of which is expressly denied, agreed to submit the causes of action in the Complaint to binding arbitration, and further agreed to waive any right to bring or participate in a class action lawsuit.

**WHEREFORE**, Defendant prays that there be judgment in their favor and against Plaintiff as follows:

1. That Plaintiff take nothing by reason of the Complaint;

2. For a judgment that Defendant has no obligation to pay any sum to Plaintiff on account of, or based upon, the matters alleged in the Complaint;

3. For Defendant's attorneys' fees and costs as permitted by law; and

4. For such other and further relief as the Court deems just and proper.

Dated: October 6, 2025

CDF LABOR LAW LLP
Wanja S. Guy

By: ______________________________
Dan M. Forman
Attorneys for Defendant
GRUMA CORPORATION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, CA 90017. On October 6, 2025, I served upon the interested party(ies) in this action the following document described as: **DEFENDANT GRUMA CORPORATION'S ANSWER TO PLAINTIFF JORGE NAVA GOMEZ'S CLASS ACTION COMPLAINT**

By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below.

Molly A. DeSario
Calyn V. Hadlock
Sareen K. Khakh
BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd
Los Angeles, CA 90024
Tel.: (310) 438-5555

For processing by the following method:

☒ By depositing such envelope(s) with postage thereon fully prepaid in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 6, 2025, at Los Angeles, California.

| Michael Pogue | /s/ *Michael Pogue* |
|---|---|
| (Type or print name) | (Signature) |